UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    HEATHER L. KASPEREK,                                  08-11760 B

                     Debtor                        <u>DECISION & ORDER</u>
------------------------------------------------------
In re

    LOUIS A. MARTINELLI
    PRISCELLA L. MARTINELLI                  08-11761 B

                     Debtors
------------------------------------------------------

                      John H. Ring III, Esq.
                      385 Cleveland Drive
                      Cheektowaga, New York 14215
                      Attorney for the Trustee

                      Paul S. Walier, Esq.
                      1369 Abbott Road
                      Lackawanna, New York 14218
                      Attorney for the Debtors

Bucki, Chief U.S.B.J., W.D.N.Y.

     In these two cases, the Chapter 7 trustee seeks an order that would compel the debtors' counsel to disgorge all of the legal fees that his clients have paid. The issues of this dispute speak to the scope of a lawyer's obligation to provide complete representation of a debtor in the context of a bankruptcy proceeding.

     Both of the above entitled cases were commenced as proceedings under Chapter 7 of the Bankruptcy Code on April 24, 2008. In each instance, the Office of the United States Trustee appointed John H. Ring, III, to serve as trustee. All of the debtors appeared at a first meeting of creditors on May 29, 2008. At all times in their respective proceedings, the debtors were represented by Paul S. Wallier, an attorney duly admitted to practice in this court.

On June 2, 2008, the trustee filed a motion in each of these cases for an order directing the turnover of various assets and extending the time to object to discharge until after compliance with all turnover obligations. In the case of Heather L. Kasperek, the trustee's motion sought evidence regarding bank deposits and tax refunds, as well as a turnover of the nonexempt portion of those funds. In the case of Louis and Priscella Martinelli, the trustee sought a turnover of certain stock certificates as well as copies of documents relating to an action that the Martinellis had commenced against Wimbleton Insurance Company. Prior to the return date of these motions, a friend of Heather Kasperek sent to the trustee a fax indicating that Kasperek's attorney would not appear until he received payment of additional fees. Meanwhile, Mr. and Mrs. Martinelli came personally to court, where they similarly told the trustee that counsel demanded payment of an additional fee as a condition for his appearance. When Mr. Wallier then failed to appear, the trustee adjourned both matters until July 7, 2008.

In response to counsel's decision not to appear on the turnover applications, the trustee filed the present motions for an order directing Paul Wallier to refund the legal fees that he had received. Conveniently, the trustee made these new motions returnable on July 7, at the same time as the adjourned hearings on the turnover motions. At that designated time, the debtor's attorney did appear. Then, with counsel's participation, the parties expeditiously resolved the turnover issues. Despite those resolutions, however, the trustee now persists in seeking a refund of all legal fees.

The trustee contends that in undertaking representation of the debtors, Paul Wallier made a commitment to provide all of the basic services required to complete a case. In the trustee's view, until such time as the court allows an attorney to withdraw as counsel, that attorney must continue to represent the debtor in resolving issues such as were the object of the turnover applications. The trustee

believes that the lack of prompt professional representation operated to delay administration and caused the estate to incur unnecessary legal expense to resolve issues that the parties could have settled more expeditiously.  For these reasons, the trustee seeks an order directing a disgorgement of fees.

Mr. Wallier responds that a debtor's counsel cannot easily predict the amount of work that may be required to complete a bankruptcy case.  Consequently, in his view, counsel may properly structure a fee arrangement that allows periodic billing for work to be performed.  In this way, the client may choose the scope of services that he wishes to procure.  Asserting that he had no intention ever to abandon a client, Wallier observes that he ultimately completed his representation in both of the above referenced cases.  Thus, he believes that the court should approve his entire fee arrangement.

*Discussion*

The Bankruptcy Code does not mandate the extent or scope of representation that an attorney must agree to provide to a consumer client.  Although we might hope that every attorney would commit to render at least a basic level of service,[1] the client may also retain counsel for more limited purposes.  Rather, the statute focuses upon an obligation for full and timely disclosure to both client and parties in interest.

Section 329(a) of the Bankruptcy Code establishes a duty of counsel to disclose compensation in bankruptcy, as follows:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or

---

[1] The local bankruptcy rules for this district contain a list of "basic services" that the court expects debtor's counsel to perform.  BANKR. W.D.N.Y. R. 2016-1.  This rule does not resolve the present dispute, however, in that the rule does not explicitly prohibit counsel from agreeing to render a lesser level of service.  Rather, the obligations of the debtor's attorney are more accurately defined by the retainer agreement that counsel must describe in the statements required by 11 U.S.C. §329 and Bankruptcy Rule 2016.

> agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

In furtherance of this obligation, Bankruptcy Rule 2016(b) provides that the debtor's attorney "shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code." Also, pursuant to Rule 2016(b), "[a] supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed."

With the bankruptcy petitions for the above referenced cases, Paul S. Wallier also filed statements for disclosure of compensation. In each instance, paragraph 6 of the statement contained the following recitation: "In return for the above-disclosed fee, I have agreed to render legal services for all aspects of the bankruptcy case . . . ." Then, in paragraph 7, counsel presented a list of exclusions from his representation. Specifically, the statements note that "[b]y agreement with the debtor(s), the above-disclosed fee does not include the following service: Negotiations with secured creditors to reduce to market value; representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding, preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods." Importantly, the paragraph makes no exception for the defense of a trustee's motion for the turnover of assets or information.

Section 329 of the Bankruptcy Code does not obligate counsel to perform any particular level of service. Counsel may even structure a retainer arrangement that contemplates the payment of additional fees in the event that the client desires supplemental services. But when an attorney represents that he has accepted a

specific fee as consideration for designated legal services, the court will hold him to that commitment.

By reason of his statement filed in compliance with Bankruptcy Rule 2016(b), Paul Wallier represented to his clients and to all interested parties that he would "render legal services for all aspects of the bankruptcy case." Surely, among the most important aspects of a bankruptcy case are the demands and motions of the Chapter 7 trustee for a turnover of information and assets. As indicated on the Rule 2016(b) statement, counsel committed to provide representation with respect to such matters "in return for the above-described fee." He then violated that commitment when he attempted to exact additional compensation. Worse still, when his clients failed to pay the additional fees, Wallier chose not to appear on the first return date for the trustee's turnover motion. Eventually, Wallier did resolve the turnover issues, and his clients have even filed affidavits indicating their satisfaction with the results. Nonetheless, by postponing a diligent response, Wallier caused delay and forced the trustee to make the present motions for disgorgement of legal fees.

In representing debtors in Chapter 7, many attorneys will require a retainer for the amount of all fees, in order to avoid the risk of non-payment or the possibility that any unpaid obligations would themselves be discharged in bankruptcy. Wallier argues that the Bankruptcy Code does not prohibit an arrangement that contemplates payment of supplemental fees for post-petition services. Even if an attorney assumes the associated risks of deferred payment, however, he or she remains obliged to fulfill the promises made in the underlying retainer agreement and as represented in the statement filed pursuant to 11 U.S.C. §329 and Bankruptcy Rule 2016(b). Until such time as the court issues an order relieving an attorney from further service as counsel, that attorney must satisfy each commitment to the client. When that commitment includes a promise of

08-11760B, 08-11761B                                                                                          6

representation at the hearing on a motion, the attorney may not use the threat of non-appearance as a weapon to force payment of fees.

Pursuant to 11 U.S.C. §329(b), the court may order the return of legal fees "to the extent excessive." No such issue arises in the present instance, however, in that Paul Wallier ultimately did render the services that he had promised to provide and at a reasonable rate of compensation. Rather, the trustee's motion presents two other grievances. First, by refusing to appear at the initial hearing on the trustee's turnover motion, Mr. Wallier delayed the prompt administration of this case. Second, at least in the case of Heather Kasperek, Wallier received additional fees for work excepted from the list of promised services, but never filed the supplemental fee statement as required by Bankruptcy Rule 2016(b). Under the present circumstances, the disgorgement motion served as a mechanism to enforce the obligations of counsel for the debtor. Equity demands that Wallier now reimburse the trustee for the cost and expense that the trustee was unnecessarily compelled to incur.

Having carefully considered the efforts that the trustee has expended on this matter, the court believes that $500 would represent reasonable compensation to the trustee for bringing the two disgorgement motions. Accordingly, the court will surcharge counsel for this amount, and will direct that Paul Wallier pay this sum to Trustee Ring as reimbursement for his costs and expense.

So ordered.

Dated:  Buffalo, New York            /s/    CARL L. BUCKI
        January 15, 2009                    Chief U.S.B.J., W.D.N.Y.